IN THE MATTER OF THE APPEAL OF THE CITY OF CLIFTON, PETITIONER-APPELLANT, v. PASSAIC COUNTY BOARD OF TAXATION, *ET AL.*, RESPONDENTS-RESPONDENTS.

IN THE MATTER OF THE APPEAL OF THE BOROUGH OF RIDGEFIELD, *ET AL.*, PETITIONER-APPELLANTS, v. BERGEN COUNTY BOARD OF TAXATION, *ET AL.*, RESPONDENTS-RESPONDENTS.

BOROUGH OF RIDGEFIELD, *ET AL.*, APPELLANTS, v. JOHN A. KERVICK, TREASURER OF THE STATE OF NEW JERSEY, *ET AL.*, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 11, 1971—Decided March 15, 1971.

Before Judges GOLDMANN, LEONARD and MOUNTAIN.

*Mr. Frank A. Carlet,* First Legal Assistant, argued the cause for appellant, City of Clifton. (*Mr. Arthur J. Sullivan, Jr.,* City Counsel, attorney; *Mr. Carlet* of counsel).

*Mr. John A. Schepisi* argued the cause for appellants, Borough of Ridgefield, *et als.* (*Messrs. Breslin* and *Monaghan,* attorneys; *Mr. Schepisi,* of counsel).

*Mr. Carmen A. Ferrante* filed a statement in lieu of brief on behalf of appellant Borough of Bloomingdale.

*Mr. Richard M. Conley,* Deputy Attorney General, argued the cause for respondents, John A. Kervick, Treasurer of the State of New Jersey, *et als.* (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney; *Mr. Conley,* on the brief; *Mr. Elias Abelson,* Assistant Attorney General, of counsel).

*Mr. James V. Segreto* filed a statement in lieu of brief on behalf of respondent Borough of Haledon.

*Mr. Douglas C. Borchard, Jr.,* Assistant Borough Attorney, filed a statement in lieu of brief on behalf of respondent Borough of Hawthorne. (*Evans, Hand, Allabough* and *Amoresano,* attorneys; *Mr. Borchard,* of counsel).

*Mr. Joseph D. Donato* filed a statement in lieu of brief on behalf of respondent Township of Little Falls.

*Mr. Edward F. Weiss* filed a statement in lieu of brief on behalf of respondent Borough of North Haledon. (*Weiss* and *DeLuccia,* attorneys).

*Mr. August C. Michaelis* filed a statement in lieu of brief on behalf of respondent City of Passaic.

*Mr. Joseph A. LaCava* filed a statement in lieu of brief on behalf of respondent City of Paterson. (*Mr. Joseph L. Conn,* attorney).

*Mr. Pat Di Ianni* filed a statement in lieu of brief on behalf of respondent Borough of Pompton Lakes.

*Mr. Amos C. Saunders* filed a statement in lieu of brief on behalf of respondent Borough of Totowa.

*Mr. John M. Running* filed a statement in lieu of brief on behalf of respondent Borough of Ringwood.

*Mr. Richard P. Marcus* filed a statement in lieu of brief on behalf of respondent Borough of Wanaque.

*Mr. Robert S. Moraff,* Assistant Township Counsel, filed a statement in lieu of brief on behalf of respondent, Township of Wayne. (*Mr. Joseph De Luccia,* attorney; *Mr. Moraff,* of counsel).

*Mr. Louis Wallisch, Jr.* filed a statement in lieu of brief on behalf of respondent Township of West Milford. (*Messrs. Wallisch & Wallisch,* attorneys; *Mr. Louis Wallisch, Jr.,* of counsel).

*Mr. J. Mortimer Rubenstein* filed a statement in lieu of brief on behalf of respondent Borough of West Paterson.

PER CURIAM. In these consolidated actions appellants challenge the constitutionality of *N. J. S. A.* 54:11D–7, originally enacted as part of *L.* 1966, *c.* 135, one of a related group of six acts (*L.* 1966, *c.* 133 to 138 inclusive), reforming and revising the business tax laws of New Jersey. It was thereafter amended by *L.* 1967, *c.* 50 and *L.* 1968, *c.* 104.

We affirm substantially for the reasons expressed by Judge Simpson in his opinion reported in 108 *N. J. Super.* 284 (Law Div. 1970).

The several related statutes passed in 1966, as presently amended, mark the culmination of a long legislative endeavor to achieve an effective and fair method for the taxation of personal property used in business. Much of the earlier history of this effort has been recounted in prior decisions. These include *Passaic v. Passaic Co. Bd. of Taxation,* 31 *N. J.* 413 (1960); *Switz v. Kingsley,* 37 *N. J.* 566 (1962); *Thomas v. Kingsley,* 85 *N. J. Super.* 357 (Law Div.

1964), aff'd 43 *N. J.* 524 (1965) and *Zito v. Kingsley,* 92 *N. J. Super.* 37, 44 (App. Div. 1966).

In brief, the 1966 legislation deprived municipalities of the power to tax tangible personal property used in business while at the same time imposing new and increased *state* taxes on business and business assets. It further provided for the distribution of revenues received from this source among municipalities 'in replacement of the revenues [formerly] derived by such municipalities from the local taxation of personal property used in business." *N. J. S. A.* 54:11D–1.

The particular statute which is here challenged, *N. J. S. A.* 54:11D–7, has nothing to do with the assessment or collection of taxes. It is concerned simply with providing a formula whereby a county board of taxation may arrive at a figure approximating a capitalization of the replacement revenue received by a particular municipality and then employ that figure, together with the equalized assessed value of real estate, in determining "total valuation" for purposes of apportioning the cost of county government and regional and consolidated school district requirements pursuant to *N. J. S. A.* 54:4–49 to 51.

As is well known, certain county and regional and consolidated school district needs are met from local taxes. *N. J. S. A.* 54:4–39 to 41. The procedure designed to accomplish this purpose is supervised by county boards of taxation, which first equalize the assessed values of all real property among the respective taxing districts, *N. J. S. A.* 54:3–17 to 19; 54:4–47. Then, pursuant to *N. J. S. A* 54:11D–7, "the assumed assessed value of the property represented by the money received by each taxing district" is determined and then equalized in the same manner that real estate assessments are equalized. Finally, based upon these equalized assessments, the burden is apportioned among the several districts, *N. J. S. A.* 54:4–49 to 51.

Initially appellants invoke Article VIII, § I, par. 1 of the New Jersey Constitution of 1947 which reads,

Property shall be assessed for taxation under general laws and by uniform rules. All real property assessed and taxed locally or by the State for allotment and payment to taxing districts shall be assessed according to the same standard of value; and such real property shall be taxed at the general tax rate of the taxing district in which the property is situated, for the use of such taxing district.

As noted above the only statute attacked in this action is *N. J. S. A.* 54:11D–7 and it has nothing to do with assessing taxes. Hence this constitutional provision is inapplicable. Furthermore, with the exception of the first sentence, the provision is concerned only with the taxation of real property, which is not touched upon in the legislation we are considering.

Appellants further argue that the application of the statutory formula results in their paying a disproportionately large share of county taxes and assert that a constitutional right is thus violated. This argument seems to rest upon a fundamental misapprehension of the nature of the revenues involved.

The replacement revenues received by each municipality are not funds that have been raised locally and that can be said to represent the tax yield from local ratables. They are, for instance, not like real estate taxes. As to the latter the individual assessments must be equalized before apportionment in order that there may be a fair allocation of the county tax burden among the various taxing districts within the county. The replacement revenues, on the other hand, are funds that have been raised by the State and that belong to the State. It is true, of course, that the 1966 legislation, especially *L.* 1966, *c.* 135, does allocate these revenues to local taxing districts. It must be borne in mind that the manner in which the revenues are allocated among and distributed to the municipalities is not challenged in this suit and hence needs no particular discussion.

It should further be noted that, as mentioned above, replacement revenues are derived from several sources. These are the following: Unincorporated Business Tax Act, *N. J.*

*S. A.* 54:11B–1 *et seq.;* Business Personal Property Tax Act, *N. J. S. A.* 54:11A–1 *et seq.;* Retail Gross Reecipts Tax Act, *N. J. S. A.* 54:11C–1 *et seq.,* and funds yielded by an increase in the franchise tax imposed by the Corporation Business Tax Act (1945), *N. J. S. A.* 54:10A–1 *et seq.* These taxes are all collected by the State on a state-wide basis. After collection they are disbursed throughout the State among the various taxing districts.

While the record seems not to disclose the gross amounts received by the State from each source, an estimate is to be found in the legislative history of the enactments. At a public hearing before the Joint Taxation Committees of the Senate and of the Assembly it was estimated that about $91,000,000 would be raised from the four taxes as follows:

| | |
|---|---:|
| Unincorporated business tax | $26,000,000 |
| Retail gross receipts tax | 4,000,000 |
| Business personal property tax | 30,000,000 |
| Corporation franchise tax | 31,000,000 |
| | $91,000,000 |

It must be apparent that these revenues, as to the source of their payment, bear no relationship to the revenues formerly raised by local taxing districts by the assessment of local personal property used in business. We point this out because appellants seem to base one or more of their arguments upon the supposed relationship between the two. As we have quoted above, the 1966 legislation, as now amended, was intended to afford a substitute source of municipal revenue but it does not follow that the municipalities' rights with respect to the old and new tax monies are the same or in any way related.

In fact we see no reason why, had the Legislature chosen to do so, it could not have directed that the State effect the division of tax revenues as between municipality and county and simply remit the shares to each. It could have also allotted the entire $91,000,000 to county needs. This might

have resulted in local financial chaos but it would not have offended the Constitution.

Appellants argue that application of the formula discriminates against them and in favor of other taxing districts in violation of their Fourteenth Amendment rights. The record is devoid of proofs adequate to support such a conclusion nor are we referred to any authorities that so hold. We have set forth above some of the reasons why we disagree. Judge Simpson's opinion enumerates others. There has been a failure to meet the very heavy burden imposed upon one who seeks to overcome the strong presumption of constitutionality that attends a legislative enactment.

Affirmed.